UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**KELVIN SPICER,**

    **Plaintiff,**

    **v.**

**SODEXO,**

    **Defendant.**

Civ. No. 19-12689 (KM) (JBC)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff, Kelvin Spicer, worked for the defendant (formally, SDH Services East, LLC, but known to Mr. Spicer as "Sodexo").[1] Sodexo fired Mr. Spicer, claiming that his work was unsatisfactory. Mr. Spicer sued, alleging race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 and breach of contract. Now before the Court is SDH Services East, LLC's motion to dismiss (DE 9),[2] filed pursuant to Fed. R. 12(b)(6). For the reasons stated below, in light of the lenient standard governing review of *pro se* pleadings, I will **DENY** the motion to dismiss as to the Title VII claim, but **GRANT** the motion to dismiss the breach of contract claim. The dismissal of the contract claim is without prejudice to the submission of a proposed amended complaint within 30 days.

**I.    BACKGROUND**

    For purposes of this motion, the facts alleged in the complaint, not yet tested by any fact finder, are assumed to be true.

    The plaintiff, Kelvin Spicer, alleges that in January 2018, Defendant Sodexo wrongfully terminated him because of his race. (Compl. ¶ 10). Mr.

---

[1]    Defendant notes that it was improperly pled as "Sodexo" and that its proper corporate name is SDH Services East, LLC. (DE 9-1 at 1).

[2]    "DE __" refers to the docket entry numbers in this case. "Compl." refers to the complaint, located at DE 1.

Spicer is a sixty-two-year-old African American male, who, as an operations manager for Sodexo, earned an annual salary of $60,000 plus benefits, commissions, and stock. (Compl. ¶¶ 11, 12 & 23). Even though he performed his job satisfactorily, Mr. Spicer was the only person in his department whose employment Sodexo terminated. (Compl. ¶¶ 13 & 14).

Sodexo told Mr. Spicer that he was being terminated because of unsatisfactory work. Mr. Spicer alleges, however, that he was subjected to adverse and disparate terms and conditions of employment as compared to white employees and that the measures taken by Sodexo against him were more severe than those taken against other employees. (Compl. ¶¶ 15–17). Since his termination, he has suffered financial loss as a result of Sodexo's actions. (Compl. ¶¶ 19 & 20).[3]

After his termination, Mr. Spicer exhausted administrative remedies. (Compl. ¶ 9). He filed a formal charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 7). On February 27, 2019, the EEOC, unable to conclude that the information it had obtained established a violation, issued Mr. Spicer a notice of his right to sue. (Compl. ¶ 9; DE 1-1).

Mr. Spicer filed this complaint on May 20, 2019, asserting two counts: race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 and breach of contract. Sodexo moved to dismiss the complaint. (DE 9)[4] While this motion was pending, Mr. Spicer filed on the docket several letters that contained additional allegations but did not engage on the merits with Sodexo's

---

[3] The complaint alleges that "Plaintiff has suffered a financial loss because of the actions of *ACS.*" (Compl. ¶ 20 (emphasis added)). I will assume that Mr. Spicer meant "the actions of Sodexo."

[4] Sodexo's motion to dismiss, as filed on the docket, relies on both Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and Fed. R. Civ. P. 12(b)(5) (insufficient service of process). Sodexo later withdrew the 12(b)(5) argument that it had not been served. (DE 23: *see also* DE 22 at 1 n.1). The 12(b)(6) argument remains. *Id.*

legal arguments. (DE 14 & 20). For instance, in a letter filed on June 30, 2020, Mr. Spicer noted the following:

> 1 I feel mr Torres did not hold Spanish worker accountable ,when they didn't do there job he would send me over to clean there area .That is not my job that is there job ,if a person with color done the same he would send them back to clean that area .
>
> 2 We have isolation room when a Spanish person clean the room and don't do a good job (before that room is clean I will go in with a marker and make a make to make sure the room is clean when they are done by checking the room in the dark with a blue light . Jose did not do a good job I did a inspection on that room after he was done and mr Torres told me to change the number,on my I pad so he could pass.
>
> 3 Also mr Torres make a comment about a worker her name was miss Duncan about her weight (he said you can tell she does not miss a meal)

(DE 14). Sodexo sought clarification as to whether Mr. Spicer intended his letter as an opposition to its motion. (DE 15). To avoid doubt, I granted Mr. Spicer until July 31 to file a written opposition. (DE 16). On August 5, Mr. Spicer filed another letter containing substantially the same allegations:

> 1) Mr. Torres did not hold Spanish workers accountable. If their job was not performed properly, he would send myself to make sure it was completed.
>
> 2) In order to ensure cleanliness, my job would be to go into an isolation room and use a special marker on different surfaces. After the room had been cleaned, I would test using a blue light. In this instance, Jose did not do a thorough job and the room did not pass inspection. I was informed by Mr. Torres to adjust the numbers on my report so that Jose would pass inspection.
>
> 3) Some inappropriate remarks were made on occasion by Mr. Torres. Most notably against my colleague Miss Duncan regarding her weight stating, "you can tell she doesn't miss a meal".

(DE 20). Because Mr. Spicer, as a *pro se* plaintiff, is entitled to a liberal construction of his pleadings, I will consider the allegations in these

supplemental filings as if they had been included in the complaint. I will also treat them as his substantive opposition to the motion to dismiss.

## II. DISCUSSION

This Court has subject matter jurisdiction over the Title VII claim because it arises under federal law. *See* 28 U.S.C. § 1331. This Court may also exercise supplemental jurisdiction over the state-law breach-of-contract claim because it arises from the same case or controversy as the federal-law claim. *See* 28 U.S.C. § 1367(a).

### A. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he

plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The Third Circuit has liberally permitted pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Indeed, where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (emphasis added); *accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

### B. Title VII

"Title VII prohibits discriminatory employment practices based upon an individual's race, color, religion, sex, or national origin." *Shahin v. Delaware*, 424 F. App'x 90, 92–93 (3d Cir. 2011) (citations omitted); *see also* 42 U.S.C. § 2000e *et seq.* Title VII claims of racially based employment discrimination require a plaintiff to allege as a *prima facie* case that he or she (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) the adverse action [occurred] under circumstances giving rise to an inference of discrimination." *Id.* If the plaintiff establishes a

*prima facie* case, the defendant must provide a legitimate, non-discriminatory reason for the adverse employment action. If the defendant can proffer such a reason, the plaintiff must then show that the employer's reason is actually a pretext for discrimination. *Shahin*, 424 F. App'x at 93 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

For purposes of Title VII, an adverse employment action is one that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment, deprive her future employment opportunities, or otherwise have a 'materially adverse' effect on her status as an employee." *Hargrave v. Cnty. of Atl.*, 262 F. Supp. 2d 393, 427 (D.N.J. 2003) (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300–01 (3d Cir. 1997)) (citing *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 749 (1998) (defining adverse employment action as "significant change in employment status, such as hiring, firing, failing to promote, reassignment, a decision causing a significant change in benefits")).

To survive a motion to dismiss, a complaint must not merely allege that discrimination occurred; it must state facts that would plausibly support a discrimination claim.

Mr. Spicer's complaint relies primarily on conclusory assertions that his termination was the result of racial discrimination. Specifically, the allegations that implicate bias are that: (1) Sodexo "wrongfully terminated or laid him off because of his race" (Compl. ¶ 10); (2) Sodexo "subjected [Mr. Spicer] to different treatment than white employees (Compl. ¶ 15); (3) "the measures enforced against him by [Sodexo] were more severe than those enforced against other employees (Compl. ¶ 17); (4); and (5) he "was subjected to adverse and disparate terms and conditions of employment." (Compl. ¶ 19).

Missing from the complaint are facts. Discrimination complaints that survive a motion to dismiss might allege a pattern of discriminatory actions against members of one race, racial incidents, statements by supervisors showing racial prejudice against African Americans, and the like. I do not

6

suggest that such evidence exists; I state these only as examples for the guidance of a *pro se* plaintiff.

Mr. Spicer's supplementary filings—two letters addressed to this Court (DE 14 & 20)—improve the presentation slightly.

Mr. Spicer alleges that "Spanish workers" were not held accountable and that he was held to higher standards. The supervisor involved is identified as Mr. Torres, inferably a Hispanic surname. Mr. Spicer complains that when Hispanic workers did not do their jobs, he was sent to clean up their work areas, but that the reverse would not occur when an African American failed to clean up the work area. As an example of Hispanic workers not being held to the same standard, Mr. Spicer states that after "Jose" cleaned the isolation room, it failed Mr. Spicer's blue-light inspection, but instead of requiring a further cleanup, Mr. Torres directed Mr. Spicer to falsify the inspection report.[5]

As a *pro se* plaintiff, Mr. Spicer is entitled to leniency as to his pleadings. This is a case where that lenient standard makes a difference. These facts frankly do not amount to much, but they are something. The *prima facie* burden of demonstrating a discriminatory motive is not a heavy one—although it is of course subject to the employer's demonstration, at the proper time, that it had a legitimate, non-discriminatory basis for dismissing the employee. I will permit the case to go forward to discovery and put the defendant to that burden. I expect that the Magistrate Judge will apply a firm hand to efficiently position the case for settlement, summary judgment, or trial.

The motion to dismiss the claim of racially based discrimination under Title VII is **DENIED**.

### C. Breach of Contract

A claim of breach of contract presupposes that the parties have a contract. "In New Jersey, an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine."

---

[5] A third allegation, involving a rude comment about a female employee's weight, does not seem to be relevant.

*Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 397 (1994) (citation omitted). "An employment relationship remains terminable at the will of either an employer or employee, unless an agreement exists that provides otherwise." *Id.*[6]

Of course, employment is not at-will if "an agreement exists that provides otherwise." *Id.* at 398. The complaint in this case does not contain any allegations that suggest that Mr. Spicer's employment with Sodexo was anything but at-will. Mr. Spicer neither directly alleges that he had a formal employment contract with Sodexo, nor does it allege facts to suggest that he may have had such a contract.

A formal employment contract is not the only kind of contract. A contract may be found, for example, "if a plaintiff can prove that an employment manual containing job-security and termination procedures could reasonably be understood by an employee to create binding duties and obligations between the employer and its employees." *Witkowski*, 136 N.J. at 399. In such a case, an employment manual is treated as the contract of employment. As explained in *Woolley v. Hoffmann-La Roche, Inc.*, under those circumstances "the manual will constitute, in effect, a unilateral offer to contract that an employee may accept through continued employment." *Witkowski*, 136 N.J. at 399, (citing *Woolley*, 99 N.J. 284, *modified*, 101 N.J. 10 (1985)). And such an employment-manual-based contract can be sufficient to "overcome the presumption that the employment is at will." *Id.*

To state a contract claim based on an employment manual (or other widely distributed policy), a plaintiff must point to a provision that contains "an express or implied promise concerning the terms and conditions of employment." *Id.* at 393 (quotations and citations omitted). Such a contract can only rest on the reasonable expectations of employees. *Id.* Factors affecting

---

[6] The employment-at-will doctrine is not without exceptions. For example, an employer cannot fire an employee for a discriminatory reason. *Witkowski*, 136 N.J. at 398. That claim would be dismissed for the reasons stated in the preceding section II.B. The claim discussed here is based on contract.

reasonable expectations include the comprehensiveness of the termination policy and the context of the manual's preparation and distribution. *Id.*

No sufficient facts are pled to overcome the ordinary rule that employment without a contract is at-will employment. Mr. Spicer has not alleged even the existence, let alone the content, of an employee manual or other widely distributed policy that would give rise to a reasonable expectation of continued employment. Absent such a contract, the harsh common-law rule is that an employer, such as Sodexo, may terminate employment for almost any (non-discriminatory) reason, or even for no reason.

There being no contract alleged, the claim for breach of contract is **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above, the motion of the defendant SDH Services East, LLC (Sodexo) is **GRANTED IN PART** and **DENIED IN PART**. As to the Title VII claim of discrimination, the motion to dismiss is **DENIED**. As to the claim of breach of contract, the motion is **GRANTED**, and the claim is **DISMISSED**. The dismissal is without prejudice to the filing, within 30 days, of a proposed amended complaint that remedies the defects in the breach of contract claim.

A separate order will issue.

Dated: September 4, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**